```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
```

In re:                                                                    Case No. 14-00635-HWV
Jack Lyle Smith                                                           Chapter 13
         Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-1          User: PRadginsk          Page 1 of 1          Date Rcvd: Nov 13, 2017
                              Form ID: 3180W           Total Noticed: 7

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 15, 2017.
```
db             +Jack Lyle Smith,    310 Cherry Lane Drive,    Chambersburg, PA 17202-9473
4446108        +CHASE,    PO BOX 24696,    COLUMBUS, OH 43224-0696
4446109        +COMCAST,    ATTN SUPPORT SERVICES,    4008 N DUPONT HWY,    NEW CASTLE, DE 19720-6320
4446110        +EASTERN ACCOUNT SYSTEM,    75 GLEN RD STE 110,    SANDY HOOK, CT 06482-1175
4446111        +FRANKLIN COUNTY TAX CLAIM BUREAU,    OLD COURTHOUSE 1ST FLOOR,    2 N MAIN STREET,
                 CHAMBERSBURG, PA 17201-1811
4510202        +JPMorgan Chase Bank, N.A.,    Chase Records Center,    Attn: Correspondence Mail,
                 Mail Code LA4-5555,    700 Kansas Lane,    Monroe, LA 71203-4774
4446112        +KML LAW GROUP PC,    STE 5000 BNY MELLON INDEP CTR,    701 MARKET STREET,
                 PHILADELPHIA, PA 19106-1538
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                           TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 15, 2017                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 13, 2017 at the address(es) listed below:
```
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,   TWecf@pamd13trustee.com
              Gary J Imblum    on behalf of Debtor 1 Jack Lyle Smith gary.imblum@imblumlaw.com,
               gary.imblum@ecf.inforuptcy.com;carol.shay@ecf.inforuptcy.com;sharlene.miller@ecf.inforuptcy.com;b
               ernadette.davis@ecf.inforuptcy.com;gary.j.imblum@ecf.inforuptcy.com
              James  Warmbrodt    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com
              Joshua I Goldman    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Thomas I Puleo    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 6
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Jack Lyle Smith** | Social Security number or ITIN **xxx–xx–3265** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Middle District of Pennsylvania** | |
| Case number: | **1:14–bk–00635–HWV** | |

# Order of Discharge                                                                                    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

    Jack Lyle Smith
    aka Jack L. Smith

**By the court:**

November 13, 2017

                        Honorable Henry W. Van Eck
                        United States Bankruptcy Judge

                        By: PRadginsk, Deputy Clerk

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

    ♦ debts that are domestic support obligations;

    ♦ debts for most student loans;

    ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

Form 3180W                                            **Chapter 13 Discharge**                                              page 1

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**